**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01141-001-TUC-RM (AMM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ricardo Lara-Chaparro, | |
| Defendant. | |

Defendant Ricardo Lara-Chaparro pled guilty to importing approximately 3.24 kilograms of fentanyl into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(F). (Docs. 36, 37, 38.) His plea agreement contemplated a sentencing range of 46 to 57 months in custody. (Doc. 37 at 4.) On October 20, 2022, the Court sentenced Defendant to a reduced sentence of 21 months of imprisonment, followed by five years of supervised release, with credit for time served. (Doc. 53.) Defendant's projected release date is October 23, 2023. (Doc. 54 at 4; Doc. 55 at 2.)

Pending before the Court is Defendant's pro se Motion for Compassionate Release. (Doc. 54.) Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to his health conditions, including chronic heart disease, heart arrythmia, hypertension, kidney disease, type II diabetes, and ambulatory impairments. (*Id.* at 3.) The Government filed a Response in opposition. (Doc. 55.) The Government concedes that Defendant appears to have exhausted his administrative remedies, but argues that Defendant's Motion should be denied because (1) Defendant has not shown

extraordinary and compelling reasons warrant a sentence reduction, and (2) the factors listed in 18 U.S.C. § 3553(a) weigh against release. (*Id.* at 3, 6-11.)

A court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The factors to consider in imposing a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Defendant has not sufficiently demonstrated how his diagnoses, including chronic heart disease, hypertension, kidney disease, type II diabetes, and ambulatory impairments, alone or in combination constitute the kind of "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i). Defendant provides only vague information concerning the medical treatment he has received in prison and the prison medical staff's inability to speak Spanish. He does not provide any additional details on how his incarceration is worsening his symptoms or interfering with treatment. Furthermore, although some of Defendant's medical conditions place him at high risk of serious illness from COVID-19, the Court does not find this constitutes an extraordinary and compelling reason warranting immediate release given the availability of vaccines and the current state of the pandemic.

The Court also finds that the factors listed in 18 U.S.C. § 3553(a) weigh against immediate release. Defendant's 21-month sentence reflects the seriousness of his offense, in which he attempted to enter the United States via the pedestrian lane at the port of entry

in Nogales, Arizona with approximately 3.24 kilograms of fentanyl pills concealed within the metal tubes of his assistive walker. (Doc. 50 at 3.) The Court considered Defendant's age and health conditions in determining his sentence. (Doc. 52 at 3.) Upon review of Defendant's Motion, the Government's Response, and the record, the Court continues to find that Defendant's 21-month sentence is proper.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 54) is **denied**.

Dated this 7th day of August, 2023.

_____
Honorable Rosemary Márquez
United States District Judge